UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANESH RAM,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTINA PRASAD,<br><br>        Defendant. | No.  2:23-cv-02168 KJM AC (PS)<br><br><br>ORDER TO SHOW CAUSE |

      On October 2, 2023, plaintiff filed this action in pro se and paid the filing fee.  ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed with prejudice.

      "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The complaint does not clearly allege either diversity jurisdiction or federal question jurisdiction. ECF No. 1. The complaint itself does not list any legal claim at all. ECF No. 1 at 5. The only explanation as to the basis for the case is written under the heading "relief" and reads as follows: "On January 5th 2015 Christina ask to borrow sum of $12,000 for her daughters education and Christina agreed to make monthly payment. Christina took all my bank account information so she can make payment to my account." Id. at 6. The amount in controversy is listed as $12,000. Id. at 5. The caption of the compliant provides addresses for both plaintiff and defendant; plaintiff is listed as residing in Modesto, California, and defendant is listed as residing in Sacramento, California. Id. at 1. On the civil cover sheet attached to the complaint, when asked to list the basis for jurisdiction, plaintiff checked the box "U.S. Government Plaintiff." ECF No. 1-1 at 1. Under "Nature of Suit" plaintiff checked the box "Truth in Lending." Id.

There is no basis for diversity jurisdiction because plaintiff and defendant are both citizens of California and the amount in controversy is under $75,000. Nor does there appear to be a basis for federal question jurisdiction. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint does not clearly invoke any federal law or constitutional right. See ECF No. 1.

Although plaintiff appears to invoke federal question jurisdiction on the civil cover sheet, the cover sheet selections do not match the contents of the compliant. Contrary to the civil coversheet, it is apparent that the plaintiff is not the U.S. Government, but an individual citizen. To the extent plaintiff is attempting state a claim under the Truth in Lending Act ("TILA"), this federal law does not apply to the facts plaintiff listed in the compliant for many reasons. TILA is a consumer protection statue that protects borrowers in their dealings with creditors. See, e.g.,

Yamamoto v. Bank of New York, 329 F.3d 1167, 1170 (9th Cir. 2003) ("TILA was enacted in 1968 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.' 15 U.S.C. § 1601(a)."). Here, it appears plaintiff is the lender, and plaintiff loaned money to the defendant via a private agreement. There is no TILA claim available to plaintiff based on the facts alleged.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than October 18, 2023, why this court has subject matter jurisdiction over his case. If plaintiff fails to timely respond, the court will recommend dismissal of his case with prejudice for lack of subject matter jurisdiction.

DATED: October 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE